UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 04-30073-03-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING |
| | ) | DEFENDANT'S MOTION |
| FRANCES BEAUVAIS, | ) | TO SEVER |
| | ) | |
| Defendant. | ) | |

Defendant, Frances Beauvais, moves the court to sever Count 1 of the indictment from Counts 2 through 6, and for a separate trial from co-defendants Robert Beauvais and Victoria Lee under Fed. R. Crim. P. 12(b)(3)(D) and 14(a). Frances Beauvais claims that Count 1 and Counts 2 through 6 are not substantially related and that the co-defendants were improperly joined under Fed. R. Crim. P. 8. The United States opposes the motion. Frances Beauvais' motion is denied.

## FACTS

On August 26, 2004, defendants Robert Beauvais, Frances Beauvais, and Victoria Lee were indicted on charges of conspiracy, theft or embezzlement in connection with health care, and aiding and abetting in violation of 18 U.S.C. §§ 371, 669, 2. The alleged violations began sometime in 1996 and lasted through the time of the indictment. In Count 1 of the

indictment, Robert Beauvais and Victoria Lee are charged with conspiracy to commit theft and embezzlement in connection with the Indian Health Service (IHS), the Community Health Representative (CHR), and Holistic Health, Incorporated (HHI), in violation of 18 U.S.C. § 669.  In Count 2 of the indictment, Robert Beauvais, Victoria Lee, and Frances Beauvais are charged with conspiring to commit theft and embezzlement in connection with the White River Health Care Center (WRHCC) in violation of 18 U.S.C. § 371.  In Count 3 of the indictment, Robert Beauvais, Victoria Lee, and Frances Beauvais are charged with aiding and abetting theft and embezzlement in connection with Victoria Lee's compensation at WRHCC in violation of 18 U.S.C. §§ 669, 2.  In Count 4 of the indictment, Robert and Frances Beauvais are charged with theft and embezzlement in connection with Robert Beauvais' compensation at WRHCC in violation of 18 U.S.C. §§ 669, 2.  In Count 5 of the indictment, Robert Beauvais is charged with theft and embezzlement in connection with his operation of WRHCC's credit cards in violation of 18 U.S.C. § 669.  In Count 6 of the indictment, Robert and Frances Beauvais are charged with theft and embezzlement in connection with Frances Beauvais' compensation at WRHCC in violation of 18 U.S.C. §§ 669, 2.

**DISCUSSION**

The Federal Rules of Criminal Procedure provide that an indictment can charge a defendant with two or more offenses if the charges are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). The rules also provide that an indictment can charge multiple defendants if they are "alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count." Fed. R. Crim. P. 8(b). The rules provide for severance of claims "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government . . . ." Fed. R. Crim. P. 14(a). The first step in determining whether to sever trials is to determine whether joinder was proper under Rule 8. United States v. Ruiz, 2005 WL 1558883, at *13 (8th Cir. 2005). Although the court has discretion to sever even properly joined offenses, "[t]he rules are to be liberally construed in favor of joinder." Ruiz, 2005 WL 1558883 at *13 (citing United States v. Darden, 70 F.3d 1507, 1526 (8th Cir. 1995). The

decision whether to grant a severance is within the sound discretion of the trial court. United States v. Cadwell, 864 F.2d 71 (8th Cir. 1988).

**Joinder of Offenses**

Frances Beauvais moves to sever Count 1 from Counts 2, 3, 4, 5, and 6. She argues that the charges were improperly joined under Fed. R. Crim. P. 8(a) because the charges in Count 1 constitute a substantially different crime than those alleged in the other counts. Count 1 charges conspiracy to commit theft and embezzlement regarding the IHS, CHR, and HHI. Counts 2 through 6 charge conspiracy to commit theft and embezzlement and separate counts of theft and embezzlement regarding WRHCC. Although Beauvais argues that these charges are substantially different and therefore improperly joined, all of the counts allege a scheme created and operated by the same individuals who alternately employed one another in order to steal and embezzle funds. The charges in this case refer to the same types of offenses, allegedly committed by the same combination of people, in a relatively short amount of time. The charges are "of the same or similar character." Ruiz, 2005 WL 1558883 at *13 (citing United States v. Boyd, 180 F.3d 967, 981 (8th Cir. 1999) (finding that offenses are of the same or similar character if they refer to the same type of offenses occurring over a relative short period of time and have overlapping evidence)).

4

Although the victims in Count 1 are different from the victims in Counts 2 through 6, the crimes are nonetheless of a similar character, based on similar transactions, and are connected with or constitute parts of a common scheme or plan allegedly created and operated by Robert Beauvais, Victoria Lee, and Frances Beauvais. The offenses were therefore properly joined under Rule 8.

**Joinder of Defendants**

Beauvais also moves to sever her trial from that of her co-defendants. Count 1 charges Robert Beauvais and Victoria Lee with conspiracy to commit theft or embezzlement regarding IHS, CHR, and HHI. Frances Beauvais claims that she should not be tried with Robert Beauvais and Victoria Lee because of her lack of involvement in the conspiracy alleged in Count 1.

"[P]ersons charged in a conspiracy should be tried together, especially where proof of the charges is largely based upon the same evidence and acts." United States v. Williams, 604 F.2d 1102, 1119 (8th Cir. 1979); e.g., United States v. Smith, 578 F.2d 1227, 1236 (8th Cir. 1978), United States v. Jackson, 549 F.2d 517, 523 (8th Cir. 1977). In order to be joined, it is not required that the defendants participated in each act or transaction in a larger criminal operation. United States v. Anderson, 626 F.2d 1358, 1373

5

(8th Cir. 1980) (citing <u>United States v. Wofford</u>, 562 F.2d 582, 585 (8th Cir. 1977), <u>cert. denied</u>, 435 U.S. 916, 98 S. Ct. 1471, 55 L. Ed. 2d 507 (1978)). It is enough that defendants are indicted jointly on the same or similar evidence of an event or related events. <u>United States v. Phillips</u>, 607 F.2d 808, 810 (8th Cir. 1979) (citing <u>United States v. Wofford</u>, 562 F.2d 582, 585 (8th Cir. 1977), <u>cert. denied</u>, 435 U.S. 916, 98 S. Ct. 1471, 55 L. Ed. 2d 507 (1978).

The indictment alleges that Frances Beauvais was part of a health care fraud operation. Although Beauvais is not charged in Count 1, the allegations against her in the remaining counts suggest that she was part of a scheme or a plan to commit theft and embezzlement through hiring members of the operation and fraudulently paying them for work never completed. Evidence of the alleged conspiracy between Robert Beauvais and Victoria Lee in Count 1 regarding IHS and evidence of the alleged conspiracy between all three co-defendants in Counts 2 through 6 is the same or similar.

**Severance**

"If joinder is proper under Rule 8, the defendant seeking severance has the heavy burden of demonstrating that a joint trial will impermissibly infringe his right to a fair trial." <u>United States v. Warfield</u>, 97 F.3d 1014,

1019 (8th Cir. 1996) (additional citations omitted). There is a strong presumption against severing properly joined offenses. Ruiz, 2005 WL 1558883 at *13 (citing United States v. Delpit, 94 F.3d 1134, 1143 (8th Cir. 1996). To grant a motion for severance, the necessary prejudice must be "severe or compelling." Warfield, 97 F.3d at 1018; see also United States v. Flores, 362 F.3d 1030, 1039 (8th Cir. 2004). This is because "a joint trial gives the jury the best perspective on all of the evidence and, therefore, increases the likelihood of a correct outcome." United States v. Darden, 70 F.3d 1507, 1528 (8th Cir. 1995).

Prejudice is not demonstrated by merely claiming that a defendant would have a better chance for acquittal in a separate trial. United States v. Shivers, 66 F.3d 938, 939 (8th Cir. 1995). In order to grant severance, a defendant must show real prejudice. United States v. Mickelson, 378 F.3d 810, 817 (8th Cir. 2004) ("to warrant severance a defendant must show 'real prejudice,' that is, 'something more than the mere fact that he would have had a better chance for acquittal had he been tried separately.'" (citing United States v. Oakie 12 F.3d 1436, 1441 (8th Cir. 1993), United States v. Adkins, 842 F.2d 210, 211-12 (8th Cir. 1988))). A defendant can show real prejudice toward the right to a fair trial by showing that the jury will be unable to compartmentalize the evidence. Mickelson 378 F.3d at 818 (citing

7

United States v. Washington, 318 F.3d 845, 858 (8th Cir. 2003), United States v. Jackson, 64 F.3d 1213, 1217 (8th Cir. 1995).

Beauvais claims that the jury could potentially consider all of the evidence presented on all counts against all defendants in deciding her guilt. Severance is not warranted when evidence against a co-defendant is stronger than the evidence against Beauvais herself. See United States v. Williams, 604 F.2d 1102, 1119 (8th Cir. 1979) (citing United States v. Fuel, 583 F.2d 978, 983 (8th Cir. 1978)). "The risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions." Delpit, 94 F.3d at 1143-44 (citing Zafiro v. United States, 506 U.S. 534, 537, 113 S. Ct. 933, 122 L. Ed. 2d 317 (1993)). Moreover, even if the offenses were severed, evidence from both allegations may be admissible in both trials:

> Inevitably, some prejudice results from having the jury aware of evidence of one crime while considering whether the defendant is guilty of another. Evidence is not excludable under Rule 403, however, where the evidence of each crime would have been admissible on a separate trial on the other crime. Where evidence that a defendant had committed one crime would be probative and thus admissible at the defendant's separate trial for another crime, the defendant does not suffer any additional prejudice if the two crimes are tried together.

United States v. Dennis, 625 F.2d 782, 802 (8th Cir. 1980) (citing United States v. Bohr, 581 F.2d 1294 (8th Cir. 1978)). Under Rule 404(b), evidence regarding the allegations in Count 1 may also be admissible at the trial on

Counts 2 through 6 in order to show proof of motive, intent, preparation, plan, knowledge, identity, and absence of mistake or accident.

The offense alleged in Count 1 is substantially similar and related to the same scheme of events alleged in Counts 2 through 6.  Any prejudice Frances Beauvais would suffer by allowing the jury to hear evidence regarding all the allegations and all defendants can be negated through carefully constructed jury instructions and would not necessarily be avoided by separate trials due to the rules of evidence.  Frances Beauvais has not shown that unfair prejudice will be unavoidable if the offenses and the defendants are tried together.

**Bruton**

Frances Beauvais also argues that potential Bruton problems could cause prejudice if the offenses and the defendants are joined in trial. Bruton problems exist where a defendant implicates a co-defendant while confessing to a conspiracy, but does not testify, leaving the co-defendant unable to cross-examine.  Bruton v. United States, 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968).  At this point in the proceedings, Frances Beauvais has not identified a confession by Robert Beauvais or Victoria Lee which implicates Frances Beauvais.  Even if Robert Beauvais and Victoria Lee offered testimony implicating Frances Beauvais, severance is not required simply because evidence admissible against some defendants

9

damages others.  United States v. Blum, 65 F.3d 1436, 1444 (8th Cir. 1995).  The court finds that Frances Beauvais has not shown to the court that a Bruton problem exists.

## CONCLUSION

As a result of her alleged participation in a criminal scheme to defraud health care organizations, Frances Beauvais was properly joined in this trial.  Count 1 and Counts 2 through 6 of the indictment are reasonably related, concerned with the same or similar transactions, and stem from a common scheme and therefore were properly joined.  Beauvais will not be subject to any unfair prejudice that would not be present in a bifurcated trial.  Even if she were, such prejudice could be negated through jury instructions.  Accordingly, it is hereby

ORDERED that Frances Beauvais' motion to sever (Docket 84) is denied.

Dated July 11, 2005.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE